IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD DEBLOIS,
*Plaintiff*,

v.

Civil Action No. ELH-20-1816

CORIZON HEALTH, INC., et al.,
*Defendant*.

## MEMORANDUM

On June 12, 2020, plaintiff Richard DeBlois, through counsel, filed suit against Corizon Health, Inc. ("Corizon") and Wexford Health Sources, Incorporated ("Wexford"). ECF 1 (the "Complaint"). The Complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332, and asserts a single claim of "negligence, medical malpractice." *Id.* ¶¶ 46-50.

The claim concerns defendants' provision of medical care to DeBlois during his incarceration at the Baltimore City Correction Center ("BCCC") or in Jessup, Maryland. *Id.* ¶¶ 1, 11. Wexford provided healthcare to plaintiff in 2017 and 2018. *See id.* ¶¶ 1-6. Corizon "took over the provision of health care" in 2019. *Id.* ¶¶ 6, 12. In sum, DeBlois contends that defendants breached the duty of care owed to plaintiff in failing properly to assess and treat plaintiff's "kidney stone and other internal conditions" and in failing to "provide proper follow-up care" after plaintiff underwent surgery to treat the kidney stone and related conditions, among other things. *Id.* ¶ 48; *see id.* ¶¶ 1-7, 35-45.

Moreover, the Complaint alleges that the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and because the suit is "between citizens of different states." ECF 1, ¶ 8. With respect to citizenship, the Complaint does not explicitly address

plaintiff's citizenship.  Rather, it states that DeBlois "was at all times relevant to the occurrence complai[n]ed of herein incarcerated in Jessup, MD, or in Baltimore City, MD." *Id.* ¶ 11.  As to Corizon's citizenship, the Complaint alleges that Corizon is "created under the laws of Delaware, and operating a health care business in the State of Maryland." *Id.* ¶ 12.[1]  And, the Complaint alleges that Wexford is "created under the laws of Pennsylvania, and was operating a health care business in the State of Maryland at times relevant to Mr. DeBlois's claims." *Id.* ¶ 13.

Wexford answered the suit.  ECF 8.  In response to plaintiff's allegations regarding subject matter jurisdiction, Wexford states in its Answer: "Wexford is without information sufficient to form a belief as to the truth of the allegation that the parties are citizens of different States." *Id.* ¶ 8.

Corizon has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 6), supported by a memorandum of law.  ECF 6-1 (collectively, the "Motion to Dismiss").  The Motion to Dismiss has been fully briefed.  *See* ECF 20; ECF 22.  Notably, Corizon has not moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. 12(b)(1).

Although neither defendant has moved to dismiss under Rule 12(b)(1), the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  [B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).  In *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit observed: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited

---

[1] In addition, the Disclosure of Corporate Interest submitted by Wexford pursuant to Local Rule 103.3 states that Wexford "is a Florida corporation," contrary to plaintiff's allegation that Wexford is "created under the laws of Pennsylvania." *Compare* ECF 9 *with* ECF 1, ¶ 13.

jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alteration in *Hanna*).

"A court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in *Poole*) (citing *Kokkonen*, 511 U.S. at 377). Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. *See In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment.")

Diversity jurisdiction under 28 U.S.C. § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). For an individual, "residency and citizenship are not interchangeable in the jurisdictional context," although "[p]hysical presence coupled with residency is prima facie proof of citizenship." *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 750 n.6 (4th Cir. 2016). And, of relevance here, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008).

The Complaint does not address the principal place of business of either defendant. Accordingly, the Court cannot be sure that there is complete diversity among the parties.

Therefore, by **November 30, 2020**, defendants are directed to address the Court's concerns regarding subject matter jurisdiction.  In particular, each defendant must disclose its principal place of business.

An Order follows.

Dated: November 10, 2020

_____/s/_____
Ellen Lipton Hollander
United States District Judge